PEOPLE *v.* McKINLEY.

1. Criminal Law—Acceptance of Plea of Guilty—Sentence—Judges.

    A defendant does not have the right, constitutional, statutory, or common-law, to be sentenced by the same judge who conducted his trial or accepted his plea of guilty.

2. Same—Disability of Judge.

    A judge regularly sitting in or assigned to a circuit court in which a criminal action was tried may perform judicial duties of judge before whom the action has been tried and who is unable to perform further duties in case because of disability (GCR 1963, 531).

———————

References for Points in Headnotes

[1]  21 Am Jur 2d, Criminal Law § 525 *et seq.*
[2–5, 8]  30A Am Jur, Judges §§ 39, 40, 242.
[6, 7]  21 Am Jur 2d, Criminal Law § 485 *et seq.*

3. SAME—DISABILITY—TERMINATION OF ASSIGNMENT.

> Judge from another circuit who accepted defendant's plea of
> guilty to charge of negligent homicide while sitting in circuit
> court by assignment, but whose assignment had terminated
> when the time for sentencing came, had disability making him
> unable to perform duties within meaning of court rule (GCR
> 1963, 531).

4. SAME—ACCEPTANCE OF PLEA OF GUILTY—SENTENCE BY DIFFERENT
JUDGE.

> Sentencing of defendant by different judge than the one who
> accepted his plea of guilty to negligent homicide was not un-
> fair to defendant, where it did not appear that the judge who
> had accepted the plea had in effect suspended sentence by his
> failure to pass sentence at time of accepting plea (CL 1948,
> § 750.324; GCR 1963, 531).

5. SAME—ACCEPTANCE OF PLEA OF GUILTY—SENTENCE BY DIFFERENT
JUDGE—FAILURE TO OBJECT—WAIVER OF PRIVILEGE.

> Failure to object to imposition of sentence by circuit judge other
> than the judge who had accepted plea of guilty to negligent
> homicide waived such privilege as the accused may have had to
> have same judge sentence him as had accepted his plea (CL
> 1948, § 750.324; GCR 1963, 531).

6. SAME—PLEA OF GUILTY—REQUISITES TO ACCEPTANCE.

> A plea of guilty in a criminal case must be entirely voluntary,
> by one competent to know the consequences, and should not
> be induced by fear, misapprehension, persuasion, promises, in-
> advertence, or ignorance, in order to be accepted (CL 1948,
> § 768.35; GCR 1963, 785.3[2]).

7. SAME—PLEA OF GUILTY—VOLUNTARINESS.

> Defendant who was examined carefully by both the circuit judge
> sitting temporarily by assignment who accepted his plea of
> guilty to charge of negligent homicide and by regular circuit
> judge who had resumed his duties after illness, when time for
> sentence set by assigned judge came after termination of as-
> signment, *held*, to have made plea knowingly, freely, and volun-
> tarily within meaning of both statute and court rule (CL
> 1948, §§ 750.324, 768.35; GCR 1963, 531, 785.3[2]).

8. SAME—PLEA OF GUILTY—VOLUNTARINESS—CHANGE OF JUDGE.

> Voluntary character of plea of guilty to charge of negligent
> homicide, made to assigned circuit judge, did not change to
> involuntary by reason of resumption by regular circuit judge of

his duties, where defendant chose to continue his plea after becoming aware that further proceedings would not be conducted by the same judge who had accepted his plea (CL 1948, §§ 750.324, 768.35; GCR 1963, 531, 785.3[2]).

Appeal from Lake; Stephens (Rupert B.), J. Submitted Division 3 June 1, 1966, at Grand Rapids. (Docket No. 405.)    Decided November 22, 1966. Leave to appeal denied by Supreme Court February 1, 1967. See 378 Mich 750.

Donald Murphy McKinley was convicted of negligent homicide on a plea of guilty. Motion for new trial denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Nelson M. Willis,* Prosecuting Attorney, for the people.

*Anthony J. Schwartzly,* for defendant.

Holbrook, P. J.    On September 24, 1964, defendant McKinley was arraigned in the Lake county circuit court on an information charging involuntary manslaughter.[1]    The presiding judge was the Hon. Harold Van Domelen, assigned to the Lake circuit by the Supreme Court.    The prosecutor moved to amend the charge to negligent homicide,[2] and the charge as so amended was the one to which defendant entered his plea of guilty.    The court interrogated defendant to ascertain that his plea was voluntarily made with full knowledge of his right to trial and without threats or promises.    The court further questioned defendant as to the facts of the collision giving rise to the charge, and defendant admitted his negligence.    Defendant's plea was accepted, and the case referred to the probation department for presentence investigation.

---

[1] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).
[2] CL 1948, § 750.324 (Stat Ann 1954 Rev § 28.556).

On October 21, 1964, defendant again appeared, this time for sentence. Judge Van Domelen, however, did not preside. Instead, the late Hon. Rupert B. Stephens, the regular judge for the Lake circuit court, was present for the purpose of imposing sentence. In the morning on that date, Judge Stephens interviewed defendant in chambers. In this interview Judge Stephens asked defendant if he had been informed that he had a right to jury trial, if he understood the charge, if he had any questions for the court, and if any threats or promises were made. Apparently satisfied that the defendant had acted voluntarily, Judge Stephens decided to pass sentence that afternoon.

At the time of sentence Judge Stephens remarked:

"Mr. McKinley, by your plea of guilty made here in open court at an earlier session, you stand convicted of violating Section 28.556 of the Michigan Statutes Annotated,[3] which is an offense commonly known and referred to as negligent homicide. The judge who was presiding here at the time of your arraignment had an interview with you on that occasion and I have also had a private interview with you this morning. And, I am satisfied from what you have told Judge Van Domelen and myself that your plea of guilty to this charge was well and intelligently made, as well as voluntarily made. You have been represented through this proceeding by a most experienced and capable attorney and I am satisfied that he has advised you of the nature of the charge as well as the possible consequences which may ensue to anyone who is convicted of this offense. And, I am also satisfied that he has fully and completely explained to you your statutory and constitutional rights as they relate to a criminal case. And, you have advised me that your plea was not entered as a result of any threats or acts of

---

[3] CL 1948, § 750.324 (Stat Ann 1954 Rev § 28.556).

duress made to you by the officers or as a result of any promises of leniency or reward in order to induce you to enter a plea of guilty to this charge. And, under these circumstances, nothing further remains for this Court to do but to accept your plea of guilty to this charge and to dispose of your case by sentence."

Defendant stated that he had nothing further that he wished to say, and his attorney then made a statement which included a plea that the circumstances indicated that the best course would be to place defendant on probation.

The court then sentenced defendant to 1–2 years, with a recommendation that defendant serve a term of 1 year.

On November 12, 1964, Judge Stephens heard defendant's motion for a new trial. The crux of defendant's position there was that there was no authority for a different judge to sentence in the absence of some disability on the part of the judge who heard the case. Defendant claimed that had he known the sentence would be imposed by Judge Stephens, he would not have made the plea.

The court stated that Judge Van Domelen had been assigned to take over Judge Stephens' duties by the Supreme Court. The court stated that not only was the arraignment in accordance with the court rules, but that it also included, after the plea, a confession on defendant's part. Judge Stephens stated that he had resumed his duties at the time of sentencing, and that during the sentencing he had had a conference with defendant and listened to his attorney's plea, all without defendant's objection. He also stated that the practice was a common one, even where there had been a trial with a jury. Concluding that his sentence was within his power to act, the court denied the motion for a new trial..

The first question presented by defendant is whether he had a legal right to be sentenced by the judge before whom he entered a plea of negligent homicide, and by whom the plea was accepted.

Defendant cites GCR 1963, 531 and *Weaver* v. *People* (1876), 33 Mich 296, as authority for his position. No question is raised of the power of either judge to sit in the circuit court for the county of Lake. Judge Van Domelen was appointed to handle cases in the Lake county circuit, due to Judge Stephens' illness, by the Supreme Court administrator, pursuant to GCR 1963, 901.1.

GCR 1963, 531 provides:

"If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if the other judge is not satisfied that he can perform those duties because he did not preside at the trial or for any other reason, he may, in his discretion, grant a new trial."

Defendant claims that there is no showing in the record that Judge Van Domelen was unable to perform the duties imposed upon him. The record does not clearly indicate why Judge Van Domelen was not present, but the statement of Judge Stephens during the hearing of the motion for a new trial that Judge Van Domelen had replaced him temporarily during his illness indicates that Judge Van Domelen had returned to the duties of his own circuit and was no longer acting as a circuit judge for the Lake circuit. It appears that Judge Van Domelen had the necessary disability called for by Rule

531 to allow Judge Stephens of the same court to impose sentence upon the defendant.

*Weaver* v. *People, supra,* is the only case relied upon by the defendant. In that case Weaver pleaded guilty to a charge of malicious injury to a dwelling. His sentence was suspended until the following term (1874), but no further action was taken until another judge, sitting on assignment from another circuit, passed sentence a full year after the term indicated (1875). The Court held that to allow the sentence to stand would be allowing the second judge to overrule a decision of the first, rather than allowing him to supply an omission on the part of the first judge.

The case is in its earliest aspects similar. The court set a time for sentencing. Here, however, there was no delay as the second judge passed sentence on the date set. While in the *Weaver Case* the Supreme Court viewed the inaction on the part of the lower court in allowing Weaver to remain on $100 recognizance as a decision on the part of the lower court to let the defendant go without punishment, no such interpretation can be made in the instant case. There is no indication that Judge Van Domelen intended that McKinley escape punishment, and less than 1 month elapsed between the arraignment and the sentence. The circuit court for Lake county had jurisdiction of both the subject matter and the person of the defendant.

Although cases might be imagined in which it would be unfair to a defendant to allow a second judge to sentence him, such is not the case here. A striking lack of authority for defendant's position exists. On the other hand several cases demonstrate that Judge Stephens acted correctly in imposing sentence. *People* v. *Sanford* (1930), 252 Mich 240; *Owens* v. *Hunter* (CA 10, 1948), 169 F2d 971; *People* v. *Cole* (1960), 177 Cal App 2d 458 (2

Cal Rptr 190); *People* v. *Downer* (1962), 57 Cal 2d
800 (372 P2d 107).

The following authorities also weigh against defendant's claim: *Carbo* v. *United States* (CA 9, 1963), 314 F2d 718; *State, ex rel. Amorose,* v. *Dunn* (1940), 36 Ohio L Abs 79 (42 NE2d 723); *Lanphere* v. *State* (1902), 114 Wis 193 (89 NW 128); 24 CJS 393, Criminal Law, § 1561.

Since there is no constitutional or statutory provision granting a person convicted of a crime the right to have the same judge sentence him, and the case law herein cited fails to support such a claimed right, defendant's first contention must fail.

The second question presented is whether, if defendant did have a right or privilege to be sentenced by the judge who presided at the trial, defendant waived the right or privilege by failing to object at the time of sentencing.

Defendant's counsel admits that he did not raise the issue before Judge Stephens at the time of sentencing, but claims that he did advise defendant to continue his plea with the assurance that he would investigate the question of Judge Stephens' power to act.

Defendant cites GCR 1963, 531; *People* v. *Johnson* (1966), 2 Mich App 182; and *People* v. *Sanford, supra,* as his authorities. The State relies solely on *People* v. *Sanford.*

Since we have determined that the trial court did not err in sentencing defendant under the facts of this case, we need not rule on defendant's second question. However, we do point out that a careful reading of *People* v. *Sanford, supra,* will show that any privilege of a defendant to be sentenced by the same judge who accepted his plea of guilty is a personal one, not affecting the jurisdiction of the court, and a proper subject of waiver.

The facts in the instant case indicate that the defendant was questioned in open court and also in chambers by Judge Stephens during the morning session of court, and he was not sentenced until the afternoon.

Both counsel and defendant were given the opportunity to make statements before sentence was passed. Defendant did not choose to do so. Counsel only spoke of leniency. Neither chose to raise the issue presented in the first question on appeal, despite counsel's admitted knowledge, and conveyance to defendant thereof, of the fact that he felt such question existed.

We rule, as in *Sanford, supra,* defendant's failure to object waived the privilege.

The third question presented is whether under the circumstances defendant's plea was voluntarily made.

Defendant states that in view of GCR 1963, 785.3(2); CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058); and *In re Valle* (1961), 364 Mich 471, his plea was not entirely voluntary, free of misapprehension, inadvertence and ignorance.

The focal point here seems to be that defendant made his plea before a judge who did not sentence him, and because of the surprise defendant did not object to the change. His claim is essentially that he would not have made the plea were he aware of all the circumstances.

GCR 1963, 785.3(2) requires that:

"If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation * * * and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made."

This rule was satisfied when Judge Van Domelen interviewed the defendant, and when Judge Stephens re-examined him.  Certainly when defendant submitted without objection to Judge Stephens' presence, he was fully aware of the nature of the charge, and had been sufficiently examined as to the freedom, understandability, and voluntariness of his plea.

Defendant also seeks protection under CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058), which reads as follows:

"Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence.  And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

This statute differs little from the court rule and is satisfied on its face by Judge Van Domelen's examination before accepting the plea, and by Judge Stephens' examination before sentencing.

The case referred to by defendant, *In re Valle, supra,* at p 477 held that:

" 'In order to be accepted, a plea of guilty in a criminal case must be entirely voluntary, by one competent to know the consequences, and, should not be induced by fear, misapprehension, persuasion, promises, inadvertence, or ignorance.' "[4]

---

[4] 1 Gillespie, Michigan Criminal Law and Procedure (2d ed 1953), § 323, citing *People* v. *Merhige* (1920), 212 Mich 601.

Here the plea, at the time it was made, satisfied all the conditions mentioned in *Valle.* The further developments would not seem to make a plea voluntarily made involuntary, at least not where the defendant chooses to continue the plea after those circumstances change. On the basis of the thorough examination given the defendant, in 2 separate hearings, his claim of involuntariness is without merit.

Affirmed.

BURNS and HOFFIUS, JJ., concurred.