### PEOPLE *v.* BLAIR.

1. CRIMINAL LAW—EVIDENCE—GUILT.
   Conviction of larceny in a store must be affirmed if there is evidence which, if believed by trier of the fact, establishes guilt beyond a reasonable doubt (CL 1948, § 750.360).

2. SAME—SENTENCE—JUDGES.
   The right of a convicted criminal to be sentenced by the judge who conducted the trial is a personal right, subject to waiver.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 786, 883.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 525, 527.

3. Same—Sentence—Non Trial Judge.

Failure of defendant to object to being sentenced by a judge who had disqualified himself from trying defendant on charge of larceny in a store *held*, to be a waiver of the right to be sentenced by the same judge who accepted plea of guilty (CL 1948, § 750.360).

Appeal from Lenawee; Kelley (James J., Jr.), J., presiding. Submitted Division 2 May 7, 1968, at Lansing. (Docket No. 4,228.) Decided June 10, 1968.

Earl Blair was convicted of larceny in a store. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Robertson & Bartlow (Alexander M. Des Chenes, Jr.,* of counsel), for defendant.

Per Curiam. Defendant appeals his nonjury conviction and sentence for larceny in a store.[*] He asserts as basis for appellate relief 2 claims, namely: the evidence introduced against him did not prove guilt beyond a reasonable doubt and his constitutional rights were violated when he was sentenced by a judge who had disqualified himself from trying defendant because that judge was convinced before the trial of defendant's guilt and the record fails to disclose the unavailability of the trial judge for sentencing.

Appointed defense counsel, Alexander M. Des Chenes, Jr., has done a creditable job in presenting this appeal, but a review of the trial transcript discloses ample evidence, which, if believed by the trier

[*] CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).

of the fact, establishes guilt beyond a reasonable doubt.

Defendant raised no objection to being sentenced, by Judge Martin, who had disqualified himself. As pointed out in *People* v. *McKinley* (1966), 5 Mich. App 230, the right to be sentenced by the trial judge is a personal right, subject to waiver. That right was waived here.

Affirmed.

LESINSKI, C. J., and QUINN and MOODY, JJ., concurred.