## PEOPLE v CLEMONS

Docket No. 77-4694. Submitted April 10, 1979, at Detroit.—Decided
June 20, 1979. Leave to appeal applied for.

Kenneth Clemons was convicted of receiving and concealing
stolen property in connection with the theft of a 1965 Plym-
outh automobile, Recorder's Court of Detroit, Samuel Brezner,
J. The defendant appeals, alleging 1) that the lower court
committed reversible error in questioning the defendant's
brother as to whether he would consider lying to save he
·defendant, 2) that the prosecutor's closing arguments unfairly
denied the defendant a fair trial, 3) that the court improperly
failed to include in its charge to the jury a relevant instruction
pertaining to an alibi defense, 4) that a defendant has a right
to be sentenced by the same judge who conducted defendant's
trial, and 5) that insufficient evidence was produced to establish
the value of the car stolen and that the court erred in instruct-
ing the jury regarding the value of the car. *Held:*

1. The line of questioning by the trial judge, rather than
clarifying an ambiguity or eliciting relevant information, con-
veyed to the jury the court's disbelief of the testimony of the
alibi witness. However, the cautionary instructions, agreed to
by defense counsel, were sufficient to eradicate the prejudicial
impact of the court's examination. In addition, in view of the
overwhelming evidence of guilt, any error was harmless beyond
a reasonable doubt.

2. Defense counsel neither objected to the prosecutor's closing
argument nor requested a curative instruction. The prosecu-
tor's statements did not result in manifest injustice. The issue
is not preserved for appeal.

3. Defense counsel did not object at trial to the trial court's

References for Points in Headnotes

[1] 75 Am Jur 2d, Trial §§ 88, 122, 322, 666.

[2] 5 Am Jur 2d, Appeal and Error § 896.

[3] 5 Am Jur 2d, Appeal and Error §§ 623, 891.

[4, 7, 8] 75 Am Jur 2d, Trial § 48.

   Substitution of judge in criminal case. 83 ALR2d 1032.

[5] 29 Am Jur 2d, Evidence § 387.

[6] 30 Am Jur 2d, Evidence § 1091.

[7, 4, 8] 75 Am Jur 2d, Trial § 48.

failure to instruct the jury that in the case of an alibi defense "if you have a reasonable doubt whether the defendant was present at the time and place of the crime charged, then you must find him not guilty". The failure to give this instruction did not result in manifest injustice. While there was error, it was harmless error.

4. Michigan case law uniformly rejects the contention that a defendant has a right to be sentenced by the same judge who conducted the defendant's trial. The defendant has no constitutional right, nor one provided by statute or court rule, to demand that the trial judge preside at his sentencing.

5. The issue of the insufficiency of evidence of the value of the car was not preserved for appeal. The defendant neither objected to the circumstantial evidence presented nor requested a jury instruction.

Affirmed.

BEASLEY, P.J., concurred. He would require the trial judge who presided over the trial to impose sentence unless there is good and sufficient reason to substitute another judge. The record in the case at bar does not indicate that the trial judge was absent or had any disability from imposing sentence. He would affirm the defendant's conviction, but would vacate the defendant's sentence and remand for resentencing by the judge who presided over the trial, if he is available.

OPINION OF THE COURT

1. WITNESSES — CRIMINAL LAW — QUESTIONS BY TRIAL COURT — PREJUDICE.

   A trial court may permissibly question a witness when it seeks to resolve an ambiguity in testimony or bring forth additional relevant information; however, in so doing the trial court may not prejudice the rights of a defendant and, if the questions are such as to indicate that the judge favors one side or another, he has invaded the province of the jury and has committed reversible error; nevertheless, in certain circumstances a proper cautionary instruction may serve to alleviate any prejudice to the defendant.

2. APPEAL AND ERROR — CRIMINAL LAW — ARGUMENT OF COUNSEL — PRESERVING QUESTION.

   Appellate review of alleged prejudice in a prosecutor's closing argument is precluded in the absence of objection at trial unless failure to consider the issue would result in a miscarriage of justice.

3. APPEAL AND ERROR — PRESERVING ERROR — JURY INSTRUCTIONS — MISCARRIAGE OF JUSTICE — COURT RULES.

A defendant's failure to object at trial to the jury instructions precludes appellate review of such instructions except where a miscarriage of justice would otherwise result (GCR 1963, 516.2).

4. CRIMINAL LAW — SENTENCES — TRIAL JUDGE.

A defendant has no constitutional right, nor one provided by statute or court rule, to demand that the judge who presided over the defendant's trial also preside at the defendant's sentencing.

5. EVIDENCE — PERSONAL PROPERTY — VALUE.

An owner of personal property is qualified to testify regarding such property, provided it does not relate to sentimental or personal value.

6. CRIMINAL LAW — EVIDENCE — AUTOMOBILES — VALUE — POSSESSION OF STOLEN PROPERTY — CIRCUMSTANTIAL EVIDENCE.

Testimony by a complainant regarding the value of his automobile which had been stolen and for which the defendant is on trial for possession of stolen property in excess of $100 is circumstantial evidence of the automobile's value, and as such is sufficient to present a jury question as to whether the value was in excess of $100.

PARTIAL CONCURRENCE, PARTIAL DISSENT BY BEASLEY, P.J.

7. CRIMINAL LAW — SENTENCING — SUBSTITUTE JUDGE — FAILURE TO OBJECT — COURT RULES.

*It was unfair to a defendant to substitute at his sentencing, for reasons undisclosed, another judge who was a total stranger to the proceedings where the judge who had presided over the defendant's trial had seen fit to indicate that he was going to give some consideration to some of the factors involved in the trial with respect to the sentence and where there was no showing that the trial judge was "absent" as required by the court rules; in such circumstances requiring a defendant to object or to seek to have the sentencing judge disqualify himself before the matter may be considered on appeal places too great and too unfair a burden upon a defendant.*

8. CRIMINAL LAW — SENTENCING — TRIAL JUDGE — SUBSTITUTION OF JUDGES — COURT RULES.

*The usual practice is for the judge who has presided over a criminal trial or who has taken a defendant's plea to impose the sentence, unless there has been a showing that the trial*

*judge was "absent" at the time of sentencing, because the judge presiding over the trial has a closer acquaintance and a greater familiarity with the defendant and with the issues and because our system strives for sentences that will be tailor-made for the particular defendant and the particular offense for which he is being sentenced (GCR 1963, 531).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Rita Chastang,* Assistant Prosecuting Attorney, for the people.

*Richard R. Nelson,* for defendant on appeal.

Before: BEASLEY, P.J., and ALLEN and D. C. RILEY, JJ.

PER CURIAM. Defendant Kenneth Clemons was arrested for the theft of complainant's 1965 Plymouth automobile and, in connection therewith, was jury convicted of receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803. Defendant was sentenced to 3 to 5 years imprisonment, appeals as of right, and raises five issues which we address in turn.

Defendant first maintains that the lower court reversibly erred in questioning defendant's brother as to whether he would consider lying to save the defendant. The judge's inquiries were met by defense counsel's motion for mistrial, after which the court admitted error and subsequently gave two separate curative instructions to the jury.

A trial court may permissibly question a witness when it seeks to resolve an ambiguity in testimony or bring forth additional relevant information, *People v Karmey,* 86 Mich App 626, 636; 273 NW2d 503 (1978), *People v John Moore,* 78 Mich App 150, 155; 259 NW2d 403 (1977), *lv den* 402

Mich 950t (1978); however, in doing so it may not prejudice the rights of the defendant, *People v Gray,* 57 Mich App 289, 294; 225 NW2d 733 (1975), and if the questions are such as to indicate that the judge favors one side or another, he has invaded the province of the jury and committed reversible error. *People v Gray, supra.* Nevertheless, in certain circumstances, a proper cautionary instruction may serve to alleviate any prejudice to the defendant. *People v Gray, supra,* at 295, *People v Withrow,* 26 Mich App 679, 685-686; 182 NW2d 775 (1970), *lv den* 384 Mich 795 (1971).

Applying these principles to our review of the transcript, we conclude that the trial judge's line of questioning, rather than clarifying an ambiguity or eliciting relevant information, conveyed to the jury the court's disbelief of the testimony of the alibi witness. At the same time, however, we are convinced that the cautionary instructions, agreed to by defense counsel, as an appropriate remedy for curing the error, were sufficient to eradicate the prejudicial impact of the court's examination. The judge informed the jury that he was plainly mistaken in questioning the witness in such a manner. His remarks clearly delineated the roles of the court, trial counsel and jury, and warned the jury to disregard any questions posited by him, and the answers thereto. The jurors were further told that the court had no opinion as to defendant's guilt, and that they should draw no such inference. As a final safeguard, the jury was polled by the trial judge and unanimously indicated that it could strike the question and answer from their minds. Under these circumstances we decline to reverse. In addition, any error, in view of the overwhelming evidence of guilt presented against defendant, would be harmless beyond a reasonable

doubt. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972), *People v Heard,* 58 Mich App 312, 316; 227 NW2d 331 (1975), *lv den* 400 Mich 812 (1977).

Next, defendant argues that the prosecutor's closing arguments unfairly denied him a fair trial. Defense counsel did not object to any of the remarks, nor request a curative instruction. Therefore, any error remains preserved for appeal only if it resulted in manifest injustice. MCL 769.26; MSA 28.1096, *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977), *People v William Clark,* 68 Mich App 48, 51-52; 241 NW2d 756 (1976). We do not find that standard met in the case at bar. The arguments of the prosecutor were related to the evidence of the case and did not amount to an expression of personal opinion as to guilt. See *People v Page,* 63 Mich App 177, 179; 234 NW2d 440 (1975). Further, the prosecutor's comments on the failure of defendant to produce more alibi witnesses, in view of the factual circumstances surrounding that defense, were within the boundaries of permissible observation. *People v Shannon,* 88 Mich App 138, 145; 276 NW2d 546 (1979), *People v Ford,* 59 Mich App 35, 39; 228 NW2d 533 (1975), *People v Hooper,* 50 Mich App 186, 196-197; 212 NW2d 786 (1973), *lv den* 391 Mich 808 (1974).

Defendant also raised the possibility of instructional error by the court's failure to include in its charge to the jury paragraph four of Criminal Jury Instruction 7:2:01, which states that, in the case of an alibi defense, "[i]f you have a reasonable doubt whether the defendant was present at the time and place of the crime charged, then you must find him not guilty". Again, no exception was proffered as required to save the issue for appellate review, GCR 1963, 516.2, *People v Haney,* 86

Mich App 311, 318; 272 NW2d 640 (1978), *People v Sherman Hall,* 77 Mich App 456, 462; 258 NW2d 517 (1977), and the record fails to support a finding of manifest injustice. Although we find error, *People v John Johnson,* 58 Mich App 60; 227 NW2d 228 (1975), *People v William Johnson,* 54 Mich App 678; 221 NW2d 452 (1974), *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973), see also *People v Wilder,* 82 Mich App 358; 266 NW2d 847 (1978) (D. C. RILEY, J., dissenting/concurring), we nevertheless conclude that it was harmless.[1] As previously noted, the evidence against defendant was considerable.[2]

The penultimate issue offered for review questions whether a defendant has a right to be sentenced by the same judge who conducted his trial. Michigan case law uniformly rejects this contention, holding that a defendant has no constitutional right, nor one provided by statute or court rule, to demand that the trial judge preside at his sentencing. *People v McKinley,* 5 Mich App 230, 235-237; 146 NW2d 142 (1966), *lv den* 378 Mich 750 (1967), *People v Blair,* 11 Mich App 649, 651; 162 NW2d 112 (1968). *Cf., People v Collins,* 25 Mich App 609, 613; 181 NW2d 601 (1970). In addition, both *People v McKinley, supra,* at 237 and *People v Blair, supra,* at 651, held that such a right, if existing at all, would be personal to defendant, and subject to waiver by failure to object at the time of sentencing. Here, defendant's

---

[1] The dissent in *People v Wilder,* 82 Mich App 358; 266 NW2d 847 (1978), is distinguishable where, in view of the testimony presented, the unobjected-to error could not be considered harmless beyond a reasonable doubt.

[2] We also note that the strength of defendant's alibi was questionable. Witnesses testified to his presence at a barbecue held at his mother's house until about 6 p.m. on the day in question, at which time he left the premises. Defendant was observed driving the stolen vehicle shortly before 7 p.m.

failure to object relinquished any predication of error.

Lastly, defendant alleges that insufficient evidence was produced to establish the value of the stolen automobile, and that the court erred in instructing the jury regarding said value. We disagree. At trial, complainant testified that he had bought the car for $950, had installed a new motor, and would not accept less than $250 for it, which figure also represented his estimate of the vehicle's worth on the day it was stolen. Furthermore, he stated that the auto was in good running condition (also evidenced by defendant's capture after a high speed chase) and that the body had not rusted out. The police testified that it was still running upon its return to the owner.

An owner of personal property is qualified to testify regarding the value of such property, *Kavanagh v St Paul Fire & Marine Ins Co,* 244 Mich 391, 394; 221 NW 119 (1928), *Printz v People,* 42 Mich 144; 3 NW 306 (1879), *Duma v Janni,* 26 Mich App 445, 452; 182 NW2d 596 (1970), provided it does not relate to sentimental or personal value. *People v Tillman,* 59 Mich App 768, 771-772; 229 NW2d 922 (1975). Complainant's testimony in the present case was circumstantial evidence of the automobile's value, and as such was sufficient to form a jury question. As there was no objection or request for instruction, defendant's claim that the court erroneously charged the jury regarding the market value of the property was not properly preserved for review. GCR 1963, 516.2, *People v Haney, supra.*

Affirmed.


BEASLEY, P.J. *(concurring in part and dissenting in part).* I concur in affirming, but differ from the

majority in that I would require the trial judge who presided over the trial to impose sentence unless there is good and sufficient reason to substitute another judge.

The majority cite *People v McKinley,* 5 Mich App 230; 146 NW2d 142 (1966), but that case is distinguishable, the Court saying:

"It appears that Judge Van Domelen had the necessary disability called for by Rule 531 to allow Judge Stephens of the same court to impose sentence upon the defendant." *Id.,* 235-236.

In the within case, there is nothing in the record to indicate that Judge Brezner who presided over the trial was absent or had any disability from imposing sentence. As a matter of fact, the Court in *McKinley* went on to say:

"Although cases might be imagined in which it would be unfair to a defendant to allow a second judge to sentence him, such is not the case here." *McKinley, supra,* 236.

The majority also cite *People v Blair,* 11 Mich App 649; 162 NW2d 112 (1968). In *Blair,* the trial judge disqualified himself because he was convinced before trial that defendant was guilty, and the trial was to be nonjury. In spite of this, and in spite of a lack of any showing of unavailability, defendant was sentenced by the same judge who had disqualified himself. I am aware that this Court chose to affirm under those facts. I believe that this was error and that, under no circumstances, should a trial judge who has chosen to disqualify himself ever impose sentence upon a defendant. I would not be inclined to believe that the *Blair* per curiam opinion constitutes good prec-

edent. The majority also cite *People v Collins,* 25 Mich App 609; 181 NW2d 601 (1970), where a new judge heard the probation revocation proceeding and sentenced the defendant to 7-1/2 to 10 years in prison. This Court held that neither statute nor court rule require that the trial judge who placed defendant on probation preside over the revocation hearing. However, we note that in *Collins,* this Court held that the trial judge placing defendant on probation was a circuit judge sitting in Recorder's Court, and that this Court concluded that under those circumstances, that circuit judge was "absent" for purposes of GCR 1963, 531.

Lastly, the majority say that defendant failed to object at the time of sentence. Realistically, I would not require a defendant about to be sentenced by a substitute judge to seek to disqualify him. Such a procedure places too great and too unfair a burden upon a defendant. I would not hold that failure to object constituted waiver.

In this case, there was no showing under GCR 1963, 531 that the trial judge was "absent". However, in addition and, perhaps, more important, we have a trial judge who had seen fit to indicate that he was going to give consideration to some of the factors involved in the trial with respect to the sentence. Under these circumstances, I would believe that it was unfair to defendant for reasons undisclosed to substitute another judge who was a total stranger to the proceedings.

I am aware that this type of question often arises in Detroit Recorder's Court and in Wayne County Circuit Court, both of which courts have been the subject of so-called "crash" programs off and on during the past decade wherein visiting judges in great numbers are brought in to assist in trying to bring dockets up to date. While I under-

stand the authority for and also the need for bringing in visiting judges and, consequently, moving judges around more than is ordinarily the case, I would not permit the substitution of a judge for purposes of sentence except where compliance with GCR 1963, 531 is shown on the record.

The usual practice is for the judge who has presided over the criminal trial or who has taken the plea to impose the sentence. The reasons would appear obvious. The judge presiding over the trial has a closer acquaintance and a greater familiarity with the defendant and with the issues.

Certainly there is merit in the proposition that the more the judge knows about the defendant and about the case, the better opportunity he has to fashion a sentence which may reach the objectives of indeterminate sentencing, probation departments and possible future parole. In Michigan, our system strives for sentences that will be tailor-made for the particular defendant and the particular offense for which he is being sentenced.

Sentencing is not, and is not intended to be, automatic. The possibility of probation and the possibility of early parole are but two of various situations where familiarity with the defendant and his case are significant to wise application of criminal sanctions.

I would vote to set aside the sentence and to remand for resentence by the judge who presided over the trial, if he is available.