GEORGE KENDRICK v. FREDERICK A. BEARD.

[See 81 Mich. 182.]

90   589
j138 340

*Trover—Evidence of value—Demand.*

1. Evidence that a span of horses were sold to the defendant's vendor for $350 about 11 months prior to their alleged conversion by the defendant is sufficient to go to the jury on the question of the value of the horses when so converted, in the absence of evidence showing their depreciation in value during that time; citing *Denton v. Smith,* 61 Mich. 431, 433.

2. A demand made for a span of horses by virtue of a note given in part payment of the purchase price, which is read to the party from whom the demand is made, and which states that the sum agreed to be paid is the balance due on the horses, and that they are to be holden to the payee as security for the payment of the note, is sufficient, even though parol evidence has to be resorted to, in a suit brought for the conversion of the horses, to show that the real agreement at the time of the sale was that the title to the horses should remain in the payee until they were paid for.

Error to St. Clair. (Canfield, J.) Argued March 3, 1892. Decided March 11, 1892.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion, and in 81 Mich. 182.

*Phillips & Jenks*, for appellant.
*Stevens & Merriam*, for plaintiff.

LONG, J. This case was in this Court, and was decided at the June term, 1890, and is reported in 81 Mich. 182. The case has again been tried in the St. Clair circuit, and verdict and judgment entered in favor of plaintiff for the amount unpaid on the note.

But two questions are now raised:

1. That the court erred in instructing the jury that " they could find a verdict against the defendant for the amount remaining unpaid on the note, with interest, if they found the value of the horses equaled or exceeded that amount," for the reason that there was no evidence of the value of the horses at the time of the conversion.

By the evidence it is shown, however, that at the time the horses were sold by the plaintiff conditionally to David Beard they were of the value of at least $350; that David Beard was to pay that amount for them. This was about 11 months prior to the time the demand was made upon the defendant for them, and there was no evidence offered showing, or tending to show, that they had depreciated during that time.

It was held in *Denton v. Smith*, 61 Mich. 431, 433, where a witness testified to the value of a cow a year before the replevin suit was brought, that this was some evidence of value at the time of the bringing of the suit, and should go to the jury for what it was worth, in connection with other evidence of value.

We think it could not be said in the present case, from the circumstances surrounding the transaction, the way the horses had been kept after the sale to David

Beard, and the evidence of their value at the time David Beard took them, that there was no evidence which the jury might properly consider as to their value at the time the demand was made. It was not error, therefore, to submit this question to the jury.

2. It is contended that the court was in error in permitting the plaintiff to recover, for the reason that no legal demand was made upon the defendant for the property.

It appeared that Mr. Thomas Murphy, in company with Mr. Symington, went to defendant's place of residence,—they acting in behalf of the plaintiff in this suit,—and demanded the team, and at the same time produced the note given by David Beard, read the same to the defendant, and told him that they demanded the team by virtue of this paper. The argument here is that, inasmuch as this Court held upon the former hearing that the paper was ambiguous, and might be supplemented by parol proof as to the meaning and intent of the parties, a demand made by virtue of this note was not a sufficient demand.

We think the demand sufficient. The defendant was told explicitly that the plaintiff claimed this team, and in his behalf the demand was made upon the defendant for it. He refused to surrender it, and thereupon the action of trover was commenced.

The judgment must be affirmed, with costs.

The other Justices concurred.