GEORGE H. MASON v. HENRY L. PARTRICK.

[See 98 Mich. 237.]

100  577
102  546.
100  577
f151  ⁶264

*Practice in circuit court — Leading questions—Evidence—Error without prejudice—Appeal—Discussion of errors in brief.*

1. Error committed in excluding a question is cured by its subsequent answer.

2. It is within the discretion of the trial court to permit counsel to ask a leading question upon a wholly immaterial matter.

3. The purchaser of a horse, who is engaged in a business in which he makes use of such horses, is competent to give an opinion as to the value of the animal.

4. Where the finding of the jury in an action of replevin confines the damages awarded to the defendant to the value of the property, as specifically found by them, the erroneous admission of testimony upon the subject of special damages to the defendant resulting from the seizure of the property is error without prejudice.

5. Inquiry on the cross-examination of a defendant in replevin as to his history in business matters before making the contract upon the alleged breach of which the suit is brought, which inquiry is not directed to showing that the defendant has been guilty of any offense against the law, and raises immaterial issues, is properly limited by the circuit judge.

6. If opposing counsel are expected to receive any benefit from Supreme Court Rule No. 61, which requires the errors relied upon to be argued in the appellant's brief, there should be enough to point out at least in what it is claimed the error consists, which is not done by stating, in support of assignments relating to the charge of the court, that all of said assignments are well taken, and that the instructions covered by such assignments tended to and did misled the jury, as shown by their verdict.

Error to Muskegon. (Dickerman, J.)   Argued April 12, 1894.   Decided June 2, 1894.

100 MICH.—37.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Turner, Turner & Turner*, for appellant.

*Frank Joslyn* (*Jones & Clark*, of counsel), for defendant.

MONTGOMERY, J.   This is an action of replevin.   In June, 1891, the parties entered into a written contract, which recited that the plaintiff had agreed to advance $1,000 to defendant for the purpose of establishing a milk, dairy, and commission business, to be known as the "Muskegon Creamery," and to be operated by and under the name of Henry L. Partrick.   The defendant, in consideration of this advance, agreed to devote his entire time to the management and operation of the business, and to assign and set over to plaintiff a certain land contract as security, and agreed to consult with the plaintiff regarding all matters of importance in connection with the business, and to abide by the directions and instructions of the plaintiff.   The agreement contained the further provision:

"It is hereby strictly understood that the contract for the deed before mentioned, the buildings and improvements on the foregoing described property, together with all the apparatus, chattels, and merchandise used in connection with the before-mentioned business, is and shall remain the property of the said first party until the following agreement shall have been fulfilled."

This is followed by an agreement to pay the advance, with interest at the rate of 10 per cent., and it provided that the plaintiff should, upon such payment, relinquish to the defendant all his right, title, and interest in the property.

Plaintiff, claiming that defendant had failed to perform the contract, brought replevin, and obtained possession of the personal property, which inventoried $797.60.   On the

trial the jury found in favor of plaintiff's claim that the contract had not been performed by defendant, and judgment followed, in favor of plaintiff for such of the goods as were found to have been used in connection with the business referred to in the contract.   But the jury found that certain of the property seized on the writ, amounting in value to $189, was not used in connection with the business, and gave judgment to the defendant for the amount, he having waived a return.   It is apparent that the correct result was reached if there was a basis in the evidence for the finding of the jury, and no improper testimony was received which influenced the result.

Error is assigned upon the refusal of the circuit judge to permit the plaintiff to show what the financial standing of the defendant was prior to his coming to Muskegon. We do not see how this could have had any bearing on the issue in question, and the ruling was proper.

The next assignment of error relates to a ruling excluding a question which was subsequently answered, and if there was any error it was cured by this.

The third assignment of error is to a ruling permitting the defendant to ask a leading question upon a wholly immaterial matter.   The ruling was certainly within the discretion of the court.

The fourth assignment is subject to the same considerations.

The fifth assignment of error is to a ruling permitting the defendant to state the value of one of the horses. The evidence showed that he purchased the horse; that he was engaged in a business in which he made use of such horses.   There was sufficient foundation to admit his opinion as to the value.   *Erickson v. Drazkowski*, 94 Mich. 551.

The sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth assignments of error relate to the

rulings of the trial judge upon the question of the admissibility of testimony upon the subject of special damages to the defendant resulting from a seizure of the property. If the rulings complained of had affected the result, we are not prepared to say that error was not committed, particularly by the conduct of defendant's counsel, complained of, in persisting in an offer of testimony which was incompetent, and which had been excluded by the court. But the finding of the jury clearly excludes any such elements of damage as were sought to be shown by this testimony, and confines the damages awarded to the value of the property, as specifically found by the jury; so that it is clear that the plaintiff was not damaged by these rulings.

The next four assignments of error relate to the rulings of the court in excluding inquiry, on cross-examination, as to the history of defendant in business matters before the making of the contract. The inquiry was not directed to showing that the defendant had been guilty of any offense against the law, and raised immaterial issues, and was very properly limited by the trial judge.

The remaining assignments of error relate to the charge of the court, and the argument of counsel upon the subject is quoted below:

" We submit that all of these assignments of error which relate to the charge of the court are well taken. We submit that the instruction covered by such assignments of error, and given by the trial court, tended to mislead the jury, and did mislead them, as shown by the verdict rendered in the cause."

We call attention to the fact that this is not a compliance with the rule. If opposing counsel are expected to get any benefit from the rule requiring the errors relied upon to be argued in the brief, there should be enough to point out at least in what it is claimed the error consists.

We have examined the charge of the court, and have not found that it was calculated to mislead the jury, or that it is subject to just criticism.

The judgment will be affirmed, with costs.

The other Justices concurred.