BUTLER v RAUPP

1. PLEADING—COMPLAINT—CAUSE OF ACTION—COURT RULES.
   A complaint must contain a statement of facts with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend (GCR 1963, 111.1[1]).

2. PLEADING—COMPLAINT—NUMBERED PARAGRAPHS—COURT RULES.
   An allegation in a complaint is not fatally defective solely because it is set out in the same numbered paragraph as other claims based on the same transaction or occurrence (GCR 1963, 113.3).

3. TRIAL—PRETRIAL SUMMARY—PRETRIAL CONFERENCE—PLEADING—WAIVER OF ISSUES—COURT RULES.
   The pretrial summary controls the course of the trial unless modified; however, a party is not deprived of the right to present competent proof at the trial in support of any issues raised in the pleadings unless such issues have been expressly waived at the pretrial conference (GCR 1963, 301.3).

4. TRIAL—EVIDENCE—WAIVER OF ISSUES—PLEADING.
   Refusal to allow a plaintiff to present evidence on a cause of action in negligent entrustment of an automobile was erroneous where there was no indication on the record that the plaintiff expressly waived adjudication of the negligent entrustment issue at the pretrial conference, and there was no effective waiver of the issue where the record shows that the plaintiff was unduly pressured into dismissing the negligent entrustment claim since he was given the choice of dropping the claim or amending his complaint and having the entire action adjourned over term.

5. AUTOMOBILES—GUEST PASSENGER STATUTE—CONSTITUTIONAL LAW—APPEAL AND ERROR—CASE PRECEDENT—STATUTES.
   The guest passenger statute has been struck down by the Su-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 61 Am Jur 2d, Pleading § 71 et seq.

[3, 4] 62 Am Jur 2d, Pretrial Conference and Procedure § 34 et seq.

[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 471 et seq.

preme Court as unconstitutional; accordingly, a .redetermination of a defendant's liability is required in a guest passenger's claim for automobile negligence where the trial occurred before the statute was ruled to be unconstitutional but where the plaintiff passenger had challenged the constitutionality of the statute (MCLA 257.401).

Appeal from Oakland, Farrell E. Roberts, J. Submitted June 20, 1975, at Detroit. (Docket No. 19960.) Decided October 13, 1975.

Complaint by Charles Butler, III, by his next friend Charles Butler, Jr., against Harold Raupp, James A. Scollin, Sr., and James A. Scollin, Jr., for damages arising out of an automobile accident. Judgment for defendants. Plaintiff appeals. Affirmed as to defendant Raupp, reversed and remanded as to the liability of defendants Scollin, Jr., and Scollin, Sr.

*Rader & Eisenberg, P. C.,* for plaintiff.

*Condit & McGarry, P. C.,* for defendant Raupp.

*Patterson & Patterson, Whitfield, Manikoff & White* for defendants Scollin.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

T. M. BURNS, P. J. This is an automobile negligence case. Plaintiff was a guest passenger in a car driven by defendant James Scollin, Jr., which collided with an automobile driven by defendant Harold Raupp. Defendant James Scollin, Sr., was the owner of the car driven by Scollin, Jr. Plaintiff alleged at trial that the injuries he suffered in the accident were the result of Raupp's negligence and Scollin, Jr.'s gross negligence.

On the evening of the accident, plaintiff and defendant Scollin, Jr. were traveling east on 13 Mile Road approaching the intersection of Telegraph Road and 13 Mile Road. Defendant Raupp had been proceeding west on 13 Mile Road but was in the process of making a U-turn, intending to travel eastbound on 13 Mile Road. As Raupp was making the U-turn, the Raupp and Scollin vehicles collided. Testimony elicited at trial indicated that the Scollin vehicle was moving at an excessive rate of speed and without its headlamps on immediately prior to the accident, which occurred around 6 p.m. on a winter evening.

After the jury returned a unanimous verdict of no cause of action against either defendant, plaintiff filed motions for judgment notwithstanding the verdict and for a new trial, both of which were denied.

Plaintiff alleges that the trial court erred in precluding him from presenting evidence on the issue of negligent entrustment unless the complaint was amended to include such a count. The complaint, at paragraph 7F, provides:

"That the defendant James A. Scollin, Sr., was negligent in wilfully, wrongfully and negligently entrusting a dangerous instrumentality, to wit: an automobile, to an incompitant, *[sic]* reckless driver, to wit: James A. Scollin, Jr., who *[sic]* he knew, or should have known, that such entrustment was and would result in the proximate injuries and damages herein complained of."

The trial court ruled that the allegation was not properly pleaded since not contained in a separate numbered count. This contention is based primarily on GCR 1963, 113.3 which provides in part:

"Each statement of a claim for relief founded upon a

single transaction * * * shall be stated in separately numbered counts".

Under GCR 1963, 111.1(1), the complaint must contain "a statement of facts * * * with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend". As the Committee Comment to Rule 111 points out, "no pleading shall be deemed insufficient if it reasonably informs the adverse party of the nature of the cause".

The negligent entrustment allegation in plaintiff's complaint was set out in the same count and paragraph as other allegations but all were based on the same occurrence. There can be no question but that the defendant Scollin, Sr., had notice of the negligent entrustment claim as his answer denied the allegation contained in paragraph 7F of the complaint.

As for plaintiff's compliance with the General Court Rules, we conclude that Rule 113.3 should not be interpreted to mean that an allegation in a complaint is fatally defective solely because it is set out in the same numbered paragraph as other claims based on the same transaction or occurrence. Such a narrow interpretation of the court rule as suggested by defendant does violence to the basic concept of liberalized pleadings that is a fundamental principle of our modern civil procedure: that of providing notice to the adverse party of a claim against him.

Defendants Scollin further argue that the negligent entrustment claim was not in issue at trial because there was no mention of it in the pretrial summary. It is true that the pretrial summary

controls the course of the trial unless modified. But, as GCR 1963, 301.3 states:

"No party shall be deprived of the right to present competent proof at the trial in support of any issues raised in the pleadings unless such issues have been *expressly* waived at the pretrial conference". (Emphasis added.)

There being no indication that the plaintiff expressly waived adjudication of the negligent entrustment issue at pretrial conference, there is nothing to preclude him from raising such issue at trial. Accordingly, there was no reason for plaintiff to amend his complaint before proceeding at trial on the negligent entrustment issue. From a review of the record, it is clear that plaintiff was unduly pressured into dismissing the negligent entrustment claim as he was given the choice of dropping the claim or amending his complaint and having the entire action adjourned over term. We conclude that the trial court was in error in not allowing plaintiff to present evidence on the cause of action in negligent entrustment.

Plaintiff also challenges the constitutionality of the guest passenger statute.[1] Since trial in this case, our Supreme Court has struck down this statute as unconstitutional. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975). Accordingly, a redetermination of Scollin, Jr.'s liability is required.

After a careful review of the record and the briefs of the parties, we find no other errors requiring discussion.

Reversed and remanded for a new trial as to the liability of defendants Scollin, Jr., and Scollin, Sr.; affirmed as to defendant Raupp. Costs to defendant Raupp.

[1] MCLA 257.401; MSA 9.2101.