KAILMIAI v THE FIRESTONE TIRE & RUBBER COMPANY (On Remand)

Docket Nos. 21693, 21694. Submitted June 8, 1978, at Detroit.—Decided November 27, 1978.

Henry C. Kailimai, R. LaVerne Kailimai, husband and wife, and Michael Watters brought an action against the Firestone Tire & Rubber Company for damages caused by the blowout of a tire manufactured by the defendant. Watters' action was separated for trial. Mr. Kailimai was awarded $48,000 on his claim for personal and consequential injuries and Mrs. Kailimai was awarded $12,000 for loss of consortium in Wayne Circuit Court, Elza H. Papp, J. The defendant's motion for a new trial was granted as to Mr. Kailimai, and, as to Mrs. Kailimai unless she accepted a remittitur of all of her judgment in excess of $1,000. The plaintiffs sought leave to appeal. The Court of Appeals peremptorily ordered a new trial as to both plaintiffs, limited to the issue of damages. The defendants then appealed to the Supreme Court which remanded to the Court of Appeals for consideration as on leave to appeal granted, 398 Mich 230 (1976). On remand, *held:*

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence §§ 622, 649.
[2] 41 Am Jur 2d, Husband and Wife §§ 448-450.
[3] 41 Am Jur 2d, Husband and Wife § 455.
[4] 5 Am Jur 2d, Appeal and Error §§ 850, 851.
[5] 58 Am Jur 2d, New Trial §§ 120, 121, 123, 124.
[6] 22 Am Jur 2d, Damages § 315.
   Admissibility, as against objection of remoteness, of evidence as to past earnings, upon issue as to amount of damages in an action for personal injury or death. 81 ALR2d 733.
[7] 30 Am Jur 2d, Evidence § 1089.
[8] 81 Am Jur 2d, Witnesses § 75.
[9] 22 Am Jur 2d, Damages § 366.
[10] 41 Am Jur 2d, Husband and Wife §§ 7, 482.
[11] 41 Am Jur 2d, Husband and Wife § 493.
[12, 14] 5 Am Jur 2d, Appeal and Error § 608.
   22 Am Jur 2d, Damages § 326.
[13] 22 Am Jur 2d, Damages § 326.
   29 Am Jur 2d, Evidence § 387.

1. The trial order for Mr. Kailimai's claim was improper and the jury verdict must be reinstated.

2. The loss of consortium claim was established and the trial court abused its discretion in ordering a remittitur since the award was within the limits of what reasonable men might deem just compensation.

Reversed, and the jury verdict reinstated.

C. W. SIMON, J., concurred in part and dissented in part. He would hold that:

1. The defendant is not entitled to a new trial on Mr. Kailimai's claim because none of the three grounds assigned by the trial judge as the basis for granting the defendant's motion for a new trial are sufficient to uphold the trial court's ruling.

2. The plaintiffs' proofs on the loss of consortium claim was legally insufficient, therefore, a judgment for defendant notwithstanding the verdict should be granted.

3. The defendant waived any objection as to the legal sufficiency of plaintiffs' proofs with regard to the property damage claim because the defendant failed to move the trial court for a directed verdict and the defendant is no more entitled to a new trial than to a judgment notwithstanding the verdict.

He would affirm the award for Mr. Kailimai and grant a judgment in favor of the defendant notwithstanding the verdict for Mrs. Kailimai.

### OPINION OF THE COURT

1. EVIDENCE—COMPETENCE TO TESTIFY—VALUE OF CHATTELS—SELF-SERVING TESTIMONY—ADMISSIBILITY OF EVIDENCE.

The owner of a chattel is competent to testify as to its value; this is especially true where the owner is engaged in a business which makes use of such chattel; while such testimony may be self-serving, that is a matter for the jury to consider in determining the weight to be accorded it and does not relate to admissibility.

2. HUSBAND AND WIFE—DAMAGES—LOSS OF CONSORTIUM—WORDS AND PHRASES.

Loss of consortium includes loss of society, companionship, service and all other incidents of the marriage relationship.

3. DAMAGES—HUSBAND AND WIFE—LOSS OF CONSORTIUM—JURY QUESTION.

The amount of damages suffered by a person who has established

a claim for loss of consortium is a fact question to be determined by the jury and will not be set aside unless it is so excessive as to shock the judicial conscience.

PARTIAL DISSENT, PARTIAL CONCURRENCE BY C. W. SIMON, J.

4. APPEAL AND ERROR—NEW TRIAL—LEGALLY SUFFICIENT REASONS.

*The Court of Appeals, in deciding whether an order granting a new trial should be upheld on appeal, must determine whether the reasons assigned by the trial judge are legally recognized and supported by a reasonable interpretation of the record.*

5. EVIDENCE—ADMISSION OF EVIDENCE—DAMAGES—NEW TRIAL.

*The admission of evidence which was offered by a plaintiff in support of damages claimed in the plaintiff's original complaint but had not been included in the pretrial statement cannot be considered grounds for a new trial where the issues were not expressly waived by the plaintiff.*

6. EVIDENCE—DAMAGES—TESTIMONY—PARTY AS WITNESS—EARNINGS.

*There is no legal restriction which precludes a party from testifying as to the amount of his earnings prior to being injured in an accident.*

7. EVIDENCE—ADMISSIBILITY—OBJECTIONS TO EVIDENCE—PRESERVING ISSUE—APPEAL AND ERROR.

*Objections to the admissibility of evidence unless properly raised at trial cannot be later asserted on appeal.*

8. WITNESSES—COMPETENCE—PERSONAL KNOWLEDGE.

*A witness is competent to testify to things within the witness's personal knowledge.*

9. DAMAGES—PERSONAL INJURIES—EXCESSIVE DAMAGES—SETTING ASIDE VERDICT—PAIN AND SUFFERING—LOSS OF CONSORTIUM.

*A verdict rendered in an action for damages for personal injuries should not be set aside as being excessive as long as the amount awarded is within the range of the evidence and is within the limits of what reasonable minds might deem just compensation for such imponderable items as personal injuries sustained, pain and suffering, and loss of consortium.*

10. HUSBAND AND WIFE—CONSORTIUM—WORDS AND PHRASES.

*Loss of consortium includes such intangibles as comfort, society, aid, companionship and normal conjugal affection which are not subject to exact measure.*

11. Evidence—Legal Sufficiency of Evidence—Loss of Consortium—State of Marital Relationship Prior to Injury.

The evidence in regard to a loss of consortium claim is legally insufficient unless testimony is introduced concerning the state of the marital relationship before as well as after the incident out of which the claim arises; where there is no evidence to guide the jury, either a directed verdict or a judgment notwithstanding the verdict is proper.

12. Evidence—Legal Sufficiency of Evidence—Value of Property—Judgment Notwithstanding the Verdict—Directed Verdict—Motions.

A judgment notwithstanding the verdict, with regard to a claim for property damage, based on the legal insufficiency of the evidence of the value of the property before it was damaged, is unavailable to a defendant where the defendant failed to move for a directed verdict in the trial court; by such failure, the defendant waived his objection as to the legal sufficiency of the plaintiff's proofs in that respect (GCR 1963, 515.2).

13. Evidence—Legal Sufficiency of Evidence—Market Value—Value of Property—Reasonable Time.

Evidence of market value, in an action for property damages, is not legally sufficient where it is not confined to a reasonable time before the damage occurred.

14. Damages—Evidence—Legal Sufficiency of Evidence—Property Damage—Value of Property—Preserving Issue—Directed Verdict—Motions.

A defendant in an action for property damages waives all objection to legal insufficiency of the plaintiff's proofs of the value of the damaged property by failing to move for a directed verdict where some evidence is presented by the plaintiff and the defect, if any, could have been readily cured; such defendant should no more be entitled to a directed verdict than to a judgment notwithstanding the verdict.

*Zeff & Zeff* (by *Gary C. Berger) (Edward Grebs,* of counsel), for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *John H. Dudley, Jr.),* for defendant.

Before: BASHARA, P.J., and BRONSON and C. W. SIMON,* JJ.

## ON REMAND

BRONSON, J. We agree with Judge SIMON's disposition of the case as to Mr. Kailimai. The fact that he did not produce documentation for his estimates concerning the value of the truck, lost wages, and lost investment goes to the weight of the evidence, not its admissibility. Since the testimony was properly admitted,[1] there was no legally recognized reason given by the trial court for overturning the jury verdict and granting a new trial. *Kailimai v The Firestone Tire & Rubber Co,* 398 Mich 230; 247 NW2d 295 (1976). The new trial order for Mr. Kailimai's claim was improper and the jury verdict must be reinstated.

We disagree with Judge SIMON, however, on his disposition of Mrs. Kailimai's loss of consortium claim. Loss of consortium includes "loss of society, companionship, service, and all other incidents of the marriage relationship". *Washington v Jones,* 386 Mich 466, 472; 192 NW2d 234 (1972).

Mrs. Kailimai testified that her husband was confined to the hospital for two weeks after the accident. She further testified that for several months after arriving home, her husband could no longer sleep in bed but had to sleep in a reclining chair because of the pain. Neither she nor the children could touch him or get near him. Furthermore, he was unable to do any work around the house or take care of the children.

This testimony clearly shows that after the acci-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Because we have concluded that the evidence was properly admitted, we have no need to address the directed verdict issue raised in the dissenting and concurring opinion.

dent Mrs. Kailimai was deprived of the companionship and services of her husband which she had previously enjoyed. Since she had established a claim for loss of consortium, the amount of damages suffered is a fact question to be determined by the jury and will not be set aside unless it is so excessive as to shock the judicial conscience. See *Pippen v Denison Division of Abex Corp,* 66 Mich App 664; 239 NW2d 704 (1976), *lv den,* 399 Mich 823 (1977). Since our review of the record demonstrates that the award was " 'within the limits of what reasonable minds might deem just compensation' ",[2] the trial court abused its discretion in ordering a remittitur.

The trial court's judgment is reversed and the jury verdict is reinstated. Costs to plaintiffs.

Bashara, P.J., concurred.

C. W. Simon, J. *(concurring in part, dissenting in part).* Plaintiffs appeal from an interlocutory order of the Wayne County Circuit Court granting defendant's motion for a new trial as to Mr. Kailimai, and as to Mrs. Kailimai unless she accepted a remittitur of all her judgment in excess of $1,000. The jury in this products liability action had awarded Mr. Kailimai $48,000 on his claim for personal and consequential injuries and Mrs. Kailimai $12,000 for loss of consortium. Defendant's motion was brought pursuant to GCR 1963, 527.1(4) and 527.1(7).

Plaintiff Mr. Kailimai had been the operator of a service station located in Dearborn Heights, which he had leased from the Mobil Oil Company since 1965. During that year he purchased a

---

[2] *Stevens v Edward C Levy Co,* 376 Mich 1, 5; 135 NW2d 414 (1965), quoting 6 Callaghan's Michigan Pleading & Practice (2d ed), § 41.13, p 378.

heavy-duty Dodge truck to use for towing in connection with his business. The truck was built to his specifications, including a set of 9.00-16 tube-type Firestone tires, and delivered in December.

Upon receipt of the truck and discovery that the tires were out of round, Mr. Kailimai complained to both the truck dealer and the tire manufacturer, defendant Firestone Tire & Rubber Company. Defendant agreed to replace the tires. However, because all available tires were being diverted to use by the armed forces, Mr. Kailimai's were not replaced until August 25, 1966. During the interim Mr. Kailimai was able to conduct his towing operations with the original tires.

The day after replacement, August 26, 1966, Mr. Kailimai was involved in an accident while towing a customer's car west on I-96 near Howell. The truck's right rear tire allegedly suffered a blowout, caused the truck to roll over, and thereby injured Mr. Kailimai. Following the accident he was no longer able to operate his business, and Mobil closed the station.

On August 7, 1969, plaintiffs' actions were brought alleging that defendant was negligent in its design of, and breached its warranty with regard to, the replacement tire. The cause was tried in the Wayne County Circuit Court and resulted in the aforementioned jury awards.

Defendant moved for a new trial on the grounds that both awards were excessive, GCR 1963, 527.1(4), and that error was committed when, over its objection, Mr. Kailimai was allowed to testify as to the value of his lost truck and the amount of his earnings prior to the accident, and, even absent objection, the amount of his investment in the business, GCR 1963, 527.1(7). Since defendant's motion arguably related to damages only, plaintiffs

requested that any new trial, if granted, be limited to the issue of damages. Upon consideration of these arguments, the trial court set aside the jury's verdict and granted a complete new trial as to both plaintiffs, although as to Mrs. Kailimai such was conditioned upon her refusal to accept the remittitur. This decision forms the basis of plaintiffs' appeal.[1]

In deciding whether an order granting a new trial should be upheld on appeal this Court must determine whether the reasons assigned by the trial judge are legally recognized and supported by a reasonable interpretation of the record. *Kailimai v The Firestone Tire & Rubber Co,* 398 Mich 230; 247 NW2d 295 (1976). Here, the trial judge assigned basically three grounds for her ruling, none of which withstands careful scrutiny.

First, the trial judge assigned error to the introduction of evidence with regard to damages that had not been included in the pretrial statement. However, while the pretrial statement is designed to control the course of the proceedings, plaintiffs did not offer proof of any damage that was not claimed in their original complaint and, unless expressly waived at the pretrial conference, their right to present competent proof in support of these issues cannot be denied. GCR 1963, 301.3. *Butler v Raupp,* 65 Mich App 20; 236 NW2d 748 (1975). Since there is nothing to indicate that plaintiffs had expressly waived these issues, the admission of evidence in support of them cannot

---

[1] In an order dated March 17, 1975, this Court, under GCR 1963, 806.7, peremptorily remanded to the circuit court for a partial new trial as to both plaintiffs "limited to damages only". However, such order was made without the benefit of the lower court record which had been twice requested but never received. Therefore, the Supreme Court reversed and remanded the case here as if on leave granted. *Kailimai v The Firestone Tire & Rubber Co,* 398 Mich 230; 247 NW2d 295 (1976).

be considered grounds for a new trial. In fact, it would have been error to rule otherwise.

Second, the trial judge attributed error to the admission of Mr. Kailimai's testimony with regard to the value of his truck, the amount of his earnings prior to the accident, and the sum of his investment in the service station. However, none of this proffered testimony was improper.

In nearly all jurisdictions, including Michigan, the owner of a chattel is competent to testify as to its value. *Kavanagh v St Paul Fire & Marine Ins Co*, 244 Mich 391; 221 NW 119 (1928); *Duma v Janni*, 26 Mich App 445; 182 NW2d 596 (1970). See Anno: *Admissibility of opinion of nonexpert owner as to value of chattel*, 37 ALR2d 967. And, this is especially true where, as here, the owner is engaged in the business which makes use of such chattel. *Mason v Partrick*, 100 Mich 577; 59 NW 239 (1894). Indeed, Mr. Kailimai was an experienced mechanic and, as was pointed out by the trial judge, arguably qualified as an expert in the area. While his testimony may have been self-serving, that is a matter for the jury to consider in determining the weight to be accorded it and does not relate to admissibility.

Similarly, there is no legal restriction which precludes a party from testifying as to the amount of his earnings prior to the accident. *Pawlicki v Detroit United R Co*, 191 Mich 536; 158 NW 162 (1916), *Duma v Janni, supra.* 22 Am Jur 2d, Damages, § 315, pp 413–414. While documentation of his past earnings may have proved more cogent, the existence of better evidence in this instance does not render the proferred testimony incredible. The evidence is relevant and admissible. Again, the weight to be accorded it is a determination solely within the province of the jury.

With regard to the testimony of Mr. Kailimai concerning his $2,000 investment in the service station defendant failed to object. Therefore, the issue is not preserved for appeal. *Marietta v Cliffs Ridge, Inc*, 385 Mich 364; 189 NW2d 208 (1971). Moreover, this evidence was based upon the personal knowledge of the witness, Mr. Kailimai, a consideration of utmost importance in our system of evidential preferences. See MRE 602. Since Mr. Kailimai had direct personal knowledge he was competent to testify. That the expenditures were not documented is immaterial to admissibility.

Third, neither the $48,000 award to Mr. Kailimai nor the $12,000 award to Mrs. Kailimai was excessive. *Cf. Pippen v Denison Division of Abex Corp*, 66 Mich App 664; 239 NW2d 704 (1976), *lv den*, 399 Mich 823 (1977).

" ' "As long as the amount awarded is within the range of the evidence, and within the limits of what reasonable minds might deem just compensation for such imponderable items as personal injuries sustained and pain and suffering, the verdict rendered should not be set aside." ' " *Pippen v Denison Division of Abex Corp*, supra at 675, *quoting Stevens v Edward C Levy Co*, 376 Mich 1, 5; 135 NW2d 414 (1965).

To this we would add loss of consortium. Loss of consortium includes such intangibles as comfort, society, aid, companionship, and normal conjugal affection, *Montgomery v Stephan*, 359 Mich 33; 101 NW2d 227 (1960), which are similarly not subject to exact measure. That "another jury might find differently" is irrelevant.

Indeed, unlike the trial court, we are not persuaded that the jury's verdict was "more or less based on the fact that we have * * * a very collectable defendant". There is no evidence what-

soever of a verdict influenced by passion or prejudice.

Finally, however, the trial judge was correct in pointing out the legal insufficiency of plaintiffs' proofs with regard to loss of consortium and damage to the truck. Plaintiffs offered only evidence of the extent of Mr. Kailimai's injuries in support of loss of consortium, and only evidence of the value of the truck when purchased nine months prior to the accident in support of property damage.

With regard to the loss of consortium claim, unless testimony is introduced concerning the state of the marital relationship before as well as after the accident, the evidence is legally insufficient. *Washington v Jones,* 386 Mich 466; 192 NW2d 234 (1971). Where there is no evidence to guide the jury, either directed verdict or judgment notwithstanding the verdict is proper. Since the trial court granted neither, we reverse.

However, with regard to the claim of property damage, defendant never moved for directed verdict. Thus, judgment notwithstanding the verdict is unavailable. GCR 1963, 515.2. Whether or not evidence of the price paid nine months prior to destruction is legally sufficient, by such failure in the court below, defendant waived objection as to the legal sufficiency of plaintiffs' proof in that respect.

Moreover, while evidence of market value is not legally sufficient where it is not confined to a reasonable time before destruction, 22 Am Jur 2d, Damages, § 325, p 426, evidence of the price paid nine months prior to the accident certainly is some evidence of market value, *Kendrick v Beard,* 90 Mich 589; 51 NW 645 (1892), *Colorado Kenworth Corp v Whitworth,* 144 Colo 541; 357 P2d 626; 97 ALR2d 990 (1960). In fact, while *Kendrick*

would appear to place an affirmative duty on defendant to proceed with evidence of depreciation, defendant has neither discredited this evidence of original value through cross-examination nor rebutted it through evidence *aliunde.*

By moving for directed verdict at the close of plaintiffs' proofs defendant could have tested their legal sufficiency and still preserved its opportunity to present evidence of depreciation on rebuttal. However, by failing to present the error in a timely fashion so that a ruling could be had and the insufficiently proved element of damages removed from jury consideration, defendant has unfairly hedged its bet by allowing the jury's general verdict to be tainted by a possible error of only slight magnitude in comparison to the total award. Thus, where, as here, some evidence of market value is presented and the defect, if any, could have been readily cured, we feel defendant waives all objection to legal insufficiency by failing to move for directed verdict. Defendant should no more be entitled to a new trial than judgment notwithstanding the verdict.

We do not hold that defendant be required to prove plaintiffs' case, but only point out that here, by neither effectively cross-examining Mr. Kailimai nor introducing rebuttal evidence, defendant has contributed to the error. Assuming that a directed verdict had been moved for, its decision whether to present evidence of depreciation would be based upon the ruling of the trial judge with regard to whether market value had been established within a reasonable time prior to destruction. If defendant felt that the trial judge erroneously ruled the evidence sufficient, it would still be free to refrain from submitting evidence of depreciation so as to avoid rendering the error

harmless under GCR 1963, 529.1. By failing to move for a directed verdict defendant has only compounded the problem. Now, any error could only be corrected by granting a new trial as to all damages. Any erroneous portion cannot be extracted from the general verdict.

I would reverse and remand to the trial court with instructions to affirm the jury award in favor of Mr. Kailimai and grant judgment for defendant notwithstanding the verdict for Mrs. Kailimai.