BELIN v JAX KAR WASH NO 5, INC

Docket No. 77-1414. Submitted November 14, 1979, at Detroit.—Decided February 20, 1980.

Lucius Belin was a passenger in a van owned by Jax Kar Wash No. 5, Inc. He was injured when the van was involved in an accident with vehicles owned and/or operated by Francis Dawson and Russell Hoover. Belin brought an action for damages against Jax, Dawson and Hoover in Wayne Circuit Court. Lysle G. Hall, J., directed a verdict in favor of defendant Jax on the strength of the automobile guest passenger statute. Hoover was found not liable and Dawson was assessed $75,000 by the jury. Belin appealed and the Court of Appeals reversed and remanded for a new trial as to Jax, 52 Mich App 670 (1974). Jax appealed to the Supreme Court. The Supreme Court issued an order remanding the case to the Wayne Circuit Court for trial because of a change in the law regarding guest passenger-owner liability, *Belin v Dawson,* 395 Mich 793 (1975). The second trial resulted in a jury verdict against Jax in the amount of $146,594. The trial court granted a *remittitur* of $35,000, Wayne Circuit Court, Michael L. Stacey, J. The court also directed that a new trial would be held unless plaintiff accepted the *remittitur.* Jax appeals alleging that the trial court erred in permitting plaintiff's counsel to read the deposition of Francis Dawson to the jury during the second trial. According to the deposition she and the driver of the van got out of their cars and she asked him why he was driving so fast and hit her and he answered "I didn't even see you lady". Jax

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 600, 617, 708, 712.
[2] 5 Am Jur 2d, Appeal and Error § 797.
[3] 74 Am Jur 2d, Torts § 78.
  Propriety and effect of jury's apportionment of damages as between
    tortfeasors jointly and severally liable. 46 ALR3d 801.
[4] 74 Am Jur 2d, Torts § 71 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 546.
[6] 5 Am Jur 2d, Appeal and Error § 977.
[7, 8] 22 Am Jur 2d, Damages §§ 366, 367.
[9] 22 Am Jur 2d, Damages §§ 366, 367.

also claims that the trial court erred in allowing a verdict to stand which was in excess of a verdict assessed at an earlier trial and that the court erred in admitting certain expert medical testimony. Plaintiff cross-appeals claiming that the trial court abused its discretion in its order of *remittitur. Held:*

1. Testimony concerning the van driver's statement, "I didn't even see you lady", was admissible as an exception to the hearsay rule because it was a declaration against interest, an admission by a party opponent or an excited utterance. Furthermore, the witness who had made the deposition was present in court and both parties had an opportunity to have the witness fully explain the statement. Under these circumstances the error, if any, would be harmless.

2. A verdict against one of two or more tortfeasors in a prior trial will not affect a higher verdict in a subsequent trial involving another of the tortfeasors.

3. A portion of the record of the medical testimony was lost and the parties could not agree on a settled record regarding that testimony before appeal. There was nothing wrong with the procedure employed by the trial court in admitting that testimony.

4. A trial judge must assign legally recognized reasons to support his decision to reduce a jury verdict. The trial judge did not state why he found $146,594 to be excessive or why he found that a *remittitur* of $35,000 would remedy the excessive award. There is an indication that the court considered the statutory interest rate as a major consideration in its ruling. Statutory interest legally belongs to a plaintiff. This is not a sufficient reason for reducing the jury's verdict and using this reduction as a basis for the granting or denial of a new trial. There was an abuse of discretion.

Remanded for reinstatement of the jury verdict.

1. EVIDENCE — HEARSAY — DECLARATIONS AGAINST INTEREST —
   PARTY OPPONENT — EXCITED UTTERANCES — RULES OF EVI-
   DENCE.
   The statement of a witness is admissible as an exception to the hearsay rule where it is a declaration against interest, an admission by a party-opponent, or an excited utterance (MRE 801[d][2], 803[2], 804[b][3]).

2. EVIDENCE — HEARSAY — ADMISSION OF HEARSAY — HARMLESS
   ERROR — COURT RULES.
   Generally, a new trial will not be ordered on the basis of the

admission or exclusion of a hearsay statement where the witness was present in court and both parties had an opportunity to have the witness fully explain the statement; the error, if any, should be considered harmless (GCR 1963, 529.1).

3. JUDGMENT — JOINT TORTFEASORS — DAMAGES — SUBSEQUENT ACTIONS.

The rendition of a judgment in an action against one of two or more persons liable for a tort does not affect the claim against another tortfeasor; therefore, an award of a small amount as damages in an action against one of a number of joint tortfeasors does not necessarily prevent the obtaining of a judgment for a larger amount in a subsequent action against another of the tortfeasors.

4. JUDGMENT — JOINT TORTFEASORS — DAMAGES — SUBSEQUENT ACTIONS — COLLATERAL ESTOPPEL.

A verdict against one of two or more tortfeasors in a prior trial will not affect a higher verdict in a subsequent trial involving another of the tortfeasors where the posture of the defendant throughout the second trial was that he was not bound by the first jury determination; there is an absence of mutuality as to the binding effect of the determination of damages in the first trial; where the defendant was not bound by that determination, neither was plaintiff.

5. APPEAL AND ERROR — THEORY OF CASE.

A case will not be reviewed on appeal on a theory different from that on which it was tried.

6. EVIDENCE — TORTS — MEDICAL TESTIMONY — LOST RECORD — SILENT RECORD — APPEAL AND ERROR — PRESUMPTIONS.

An appellate court will not presume error from a silent record; therefore, a claim of error based on the alleged erroneous admission of medical testimony in a tort action is unpersuasive where the portion of the record containing the testimony was lost and the parties could not agree on a settled record but at the time of trial the judge heard the testimony, admitted an exhibit, instructed the jury on proximate cause and the jury heard the testimony, considered the exhibit, heard the instructions and reached its verdict.

7. DAMAGES — VERDICT — EXCESSIVE VERDICTS — BURDEN OF PROOF.

A party claiming that a verdict is excessive has the burden of making an affirmative showing that it is excessive.

8. Damages — Pain and Suffering — Verdict — Improper Meth-
    ods — Prejudice — Sympathy — Clearly Excessive Verdicts.
    The amount allowed for pain and suffering rests in the sound
    judgment of the trier of the facts and a trial court cannot
    substitute its judgment on that question unless a verdict has
    been secured by improper methods, prejudice or sympathy or is
    so clearly excessive as to shock the judicial conscience.

9. Judgment — Remittitur — Excessive Verdict — Judge's Discre-
    tion.
    A trial judge has discretion in determining whether a verdict is
    excessive and if he orders a *remittitur* on the basis of an
    unreasonable verdict his discretion will be upheld as long as he
    assigns legally recognized reasons to support his decision.

*Paul B. Newman,* for plaintiff.

*Collins & Einhorn, P.C.,* for defendant.

Before: Bronson, P.J., and D. C. Riley and E. A.
Quinnell,* JJ.

E. A. Quinnell, J. Plaintiff was injured on Janu-
ary 6, 1969, when a van owned by defendant Jax
Kar Wash No. 5 ("Jax"), and in which he was a
passenger, was involved in an accident with vehi-
cles owned and/or operated by Francis Dawson
and Russell Hoover. He brought suit against Jax,
Dawson and Hoover. On December 12, 1972, the
trial court directed a verdict in favor of defendant
Jax on the strength of the automobile guest pas-
senger statute, MCL 257.401; MSA 9.2101. The
jury found Hoover not liable, and returned a ver-
dict in favor of plaintiff and against Dawson in the
sum of $75,000. That judgment has not been satis-
fied.

The case was subsequently remanded for trial as
to Jax by the Michigan Supreme Court pursuant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to *Manistee Bank & Trust Co v McGowan,* 394
Mich 655; 232 NW2d 636 (1975).

The second trial in February of 1977 resulted in
a jury verdict in favor of plaintiff and against Jax
in the amount of $146,594. The trial court granted
a *remittitur* in the amount of $35,000 and directed
that a new trial be held unless plaintiff accepted
the *remittitur* within 10 days from the date of the
order, being April 7, 1977. Jax appeals, alleging
various errors in the trial proceedings. Plaintiff
cross-appeals claiming that the granting of a *re-
mittitur* was erroneous. We find that defendant's
claims of error are without merit and that the
trial court erred in granting *remittitur* and re-
mand the case to the trial court for entry of
judgment on the jury verdict.

I. Defendant claims that the trial court erred in
permitting plaintiff's counsel to read the deposi-
tion of Francis Dawson to the jury during the
second trial. During oral argument in this Court
counsel for defendant conceded that no harm was
done by the reading of the deposition, with one
notable exception. In her deposition Mrs. Dawson
stated that shortly after the accident she and the
driver of the van got out of their cars, and she
asked him why he was driving so fast and hit her.
The driver purportedly responded "I didn't even
see you lady".

Any error under GCR 1963, 302.4, in the proce-
dure used to admit this testimony from Mrs. Daw-
son was clearly harmless. The declaration of the
driver—the hearsay within hearsay—was itself
admissible. The statement was admissible as a
declaration against interest on the part of the
driver if the driver were unavailable. MRE
804(b)(3). Even if the driver were available at the
second trial, the statement attributed to him

would be admissible as a party admission, MRE 801(d)(2), or as an excited utterance. MRE 803(2). The present Michigan Rules of Evidence embody the case law in Michigan in effect at the time of the trial in 1977. Mrs. Dawson was present in court, and in fact was called by defendant as a witness. Counsel for both parties had full opportunity at trial to have her retract, reaffirm, or modify the statement she made during her deposition. While it would have been better practice for plaintiff's counsel to call Mrs. Dawson and elicit the statement from her directly, using the deposition only to refresh her recollection or for impeachment depending upon her response, we will not order a new trial when both parties had the opportunity to have the witness fully explain the statement. *Dowdell v Crittenton Hospital,* 75 Mich App 299, 304-305; 254 NW2d 876 (1977), GCR 1963, 529.1.

II. Defendant states its next argument as follows:

"The trial court erred in allowing a verdict to stand which was in excess of a verdict assessed at an earlier trial."

We do not agree.

The negligent acts of Mrs. Dawson and of Jax were concurrent, resulting in the imposition of joint *and several* liability. Cases cited by defendant in support of its claim of error involved derivative or vicarious liability.

The correct rule as to persons jointly and severally liable is found in the American Law Institute's Restatement of Judgments, § 94, p 467:

"Except as stated in §§ 96-99, the rendition of a judgment in an action against one of two or more

persons liable for a tort, breach of contract, or other breach of duty, does not affect the claim against the other."

Sections 97-99 of the Restatement contain no exception which would apply in the present case. The comments to § 94 of the Restatement state in part:

"*b. Merger, bar, collateral estoppel.* A judgment against one of several persons each of whom is liable for the entire cause of action does not discharge any of the others unless the liability is alternative (see § 100) or the claim is not severable (see § 101). Thus, a person is entitled to separate judgments for the full amount of his harm against any number of tortfeasors whose conduct contributes to the tort or who otherwise are responsible for it. * * *

"Further, subject to the limitations stated in §§ 96-99, the plaintiff can obtain judgments against the defendants for varying amounts. Thus, if he is awarded a small amount as damages in an action against one of a number of joint tortfeasors, he is not necessarily prevented from obtaining a judgment for a larger amount in a subsequent action against another of the tortfeasors. The matter of damages is not res judicata except under the circumstances stated in §§ 96-99.

"For the same reasons that a judgment against one of two persons liable for a single breach of duty does not merge the claim against the other, and with the same exceptions, a judgment for such person does not bar the claim against the other; nor do the rules of collateral estoppel make the determination of fact in one action decisive in a later action."

Defendant's claim further suffers from the absence of mutuality of the binding effect of the jury determination of damages in the first trial. The posture of the defendant throughout the second trial, and indeed in this Court, has been that it is not bound by that determination. Defendant vigor-

ously contested the medical proofs and other proofs of damage submitted by plaintiff. Since defendant was not bound by that determination, neither was plaintiff. *Braxton v Litchalk,* 55 Mich App 708; 223 NW2d 316 (1974). See also the discussion on this point in *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128; 276 NW2d 869 (1979).

Defendant further argues that the first verdict must establish an upper limit on liability because of the effect of the disparate judgments on the right of contribution from the other tortfeasor. The claim is that contribution from the defendant in the first trial would be limited to one-half of the verdict against that defendant, leaving defendant Jax to satisfy a disproportionate share of the total recovery. This argument, however, cuts both ways. If a verdict of less than $75,000 had been returned against Jax, then contribution from Jax would be limited according to that verdict, creating an inequity converse from the one noted by Jax. The only answer to defendant's policy arguments would be a rule that fixes—rather than limits—damages to those found by the first jury. Since this rule would be wholly inconsistent with the position taken by defendant at trial, we need not consider it on appeal. See *Ford v Howard,* 59 Mich App 548, 551-553; 229 NW2d 841 (1975), *Thompson v City of Ecorse,* 7 Mich App 492, 495-496; 152 NW2d 51 (1967).

III. Defendant further claims that the trial court erred by admitting medical testimony that plaintiff suffered a tear of the medial meniscus ligament of the right knee after the accident. Defendant argues that this evidence was irrelevant and prejudicial since there was no foundation to show that the cartilage tear resulted from the accident. The portion of the record containing the testimony

of Dr. Claude Oster, the treating physician, has been lost and the parties have been unable to agree to a settled record concerning his testimony on this point. Plaintiff's version of Dr. Oster's testimony is that while the torn ligament was not an immediate result of the accident it was a secondary result of the original injuries to plaintiff's leg. The trial judge heard the testimony, admitted the questioned exhibit, and allowed the jury to consider the issue. The jury heard the testimony, had the exhibit for consideration, was properly instructed on the subject of proximate cause, and reached its verdict. Questions of cause and effect typically are resolved as questions of fact. We will not presume error from a silent record on appeal.

Defendant's other contentions are wholly wanting in merit.

IV. Plaintiff cross-appeals, claiming the trial court abused its discretion by conditioning denial of a new trial upon plaintiff's acceptance of a *remittitur* reducing the verdict by $35,000.

In order to justify the granting of a new trial on the grounds that the amount of the verdict is excessive, the burden is upon the party so claiming to show affirmatively that the verdict is excessive. It has been repeatedly recognized in Michigan that the awarding of damages for such items as pain and suffering rests in the sound judgment of the trier of fact, and a trial court cannot substitute its judgment on that question unless a verdict has been secured by improper methods, prejudice or sympathy. *Bennett v Hill,* 342 Mich 754, 763-764; 71 NW2d 220 (1955), GCR 1963, 527.1(3). Alternatively, a *remittitur* or new trial may be granted if the verdict is so clearly excessive as to shock the judicial conscience. GCR 1963, 527.1(4), *Stevens v*

*Edward C Levy Co,* 376 Mich 1; 135 NW2d 414 (1965), *Pippen v Denison Division of ABEX Corp,* 66 Mich App 664, 673-677; 239 NW2d 704 (1976). Nothing in the record suggests that any improper methods were used or that the verdict reflected any prejudice against the defendant or sympathy for the plaintiff. Defendant suggests that the only difference in the two trials was the fact that defendant Jax was a corporation whereas defendant Dawson was a chambermaid. The record, however, does not indicate any impropriety. It is common knowledge that different juries, viewing the same facts, frequently arrive at different results both as to liability and as to damages. Considering the length of time between the two trials, we find the different verdicts unsurprising.

Once a trial court has denied a new trial if plaintiff will accept a *remittitur* but granted a new trial if plaintiff will not, the trial court's action will not be disturbed in the absence of an abuse of discretion. *Pippen v Denison Division of ABEX Corp, supra.* If the reasons assigned by the trial judge for his action are legally recognized and the reasons are supported by any reasonable interpretation of the record, he acted within his discretion. *Willett v Ford Motor Co,* 400 Mich 65; 253 NW2d 111 (1977), *Kailimai v Firestone Tire & Rubber Co,* 398 Mich 230; 247 NW2d 295 (1976). See also *Kailimai v Firestone Tire & Rubber Co (On Remand),* 87 Mich App 144; 273 NW2d 906 (1978).

The trial court did not state why it found $146,-594 to be excessive or why it found that a reduction of $35,000 would remedy the excessive award. The trial court did strongly suggest that the statutory interest rate of six percent, which would be added to the judgment from the date the complaint was filed, was a major consideration in its

ruling. The statutory interest, however, legitimately belonged to plaintiff and the trial court had no basis for reducing the verdict by the amount plaintiff would receive in interest. The trial court suggested no other reason for its action. The "reasons" as stated by the trial judge do not meet the test of *Willett* and *Kailimai.* The order directing plaintiff to agree to a *remittitur* or face a new trial constituted an abuse of discretion. See *Stevens v Edward C Levy Co, supra, Majewski v Nowicki,* 364 Mich 698; 111 NW2d 887 (1961), *Pippen v Denison Division of ABEX Corp, supra.*

The jury verdict is reinstated, and the case remanded to the trial court for entry of judgment on that verdict.

Affirmed as modified.