## KAMINSKI v NEWTON

Docket No. 96308. Submitted November 2, 1988, at Detroit. Decided April 4, 1989.

Eugene and Geraldine Kaminski brought a medical malpractice action in Wayne Circuit Court against Kenneth E. Newton, M.D., and Holy Cross Hospital, jointly and severally. Following trial, the jury returned a verdict against defendant Newton and in favor of plaintiffs, who were awarded damages, and a verdict in favor of defendant hospital, finding no cause of action. The trial court, James E. Mies, J., entered a judgment consistent with the verdict, defendant Newton paid the judgment against him and plaintiffs filed a satisfaction of judgment. Plaintiffs filed, and the trial court denied, a motion for a new trial against defendant hospital. Plaintiffs appealed.

The Court of Appeals *held:*

1. A new trial against defendant hospital would be barred under MCL 600.2925c(5); MSA 27A.2925(3)(5), which provides in part: "The recovery of a judgment for an injury or wrongful death against 1 tort feasor does not of itself discharge the other tort feasors from liability for the injury or wrongful death unless the judgment is satisfied."

2. Where, as here, a judgment is based on actual litigation of the measure of loss occasioned by a single indivisible injury and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor who is responsible for the same loss.

Affirmed.

JUDGMENTS — JOINT TORTFEASORS — DAMAGES.

When a judgment is based on actual litigation of the measure of loss occasioned by a single indivisible injury and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor who is responsible for the same loss (MCL 600.2925[c][5]; MSA 27A.2925[3][5]).

REFERENCES

Am Jur 2d, Torts §§ 73-80.
Voluntary payment into court of judgment against one joint tortfeasor as release of others. 40 ALR3d 1181.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiffs.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *Jeremiah J. Kenney*), for Holy Cross Hospital.

Before: GILLIS, P.J., and DOCTOROFF and K. N. SANBORN,* JJ.

PER CURIAM. On April 10, 1981, Eugene and Geraldine Kaminski filed a medical malpractice complaint against Holy Cross Hospital and Dr. Kenneth Newton. Plaintiffs alleged that defendants' negligence caused the right foot of Eugene Kaminski (hereafter plaintiff) to become gangrenous, requiring the amputation of the foot. Plaintiffs sought compensation for damages sustained as a result of the loss of plaintiff's foot.

Following trial, the jury returned a verdict against defendant Newton and in favor of plaintiff in the sum of $75,000 and in favor of plaintiff's wife in the sum of $1,000. A judgment of no cause of action was entered against defendant Holy Cross. Newton subsequently satisfied the judgment and plaintiffs filed a satisfaction of judgment in the sum of $156,508 (the amount of the verdict plus statutory interests and costs). Plaintiffs' motion for a new trial as to defendant Holy Cross was denied by the trial court. Plaintiffs now appeal as of right from the judgment of no cause of action against Holy Cross and the denial of the motion for a new trial.

Holy Cross argues that the satisfaction of the entire judgment by defendant Newton renders

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiffs' appeal moot. On the facts of this case, we agree.

Plaintiffs sued Newton and Holy Cross jointly and severally. Plaintiffs sought to recover damages resulting from a single injury, the loss of plaintiff's foot. At common law, where the conduct of two or more actors proximately causes a single injury to a plaintiff, while the plaintiff may pursue compensation for the injury from any or all of the defendants, the plaintiff is entitled to only one satisfaction. *Sobotta v Vogel,* 37 Mich App 59, 64; 194 NW2d 564 (1971).

> "The liability of tort-feasors for a joint tort is joint and several. The injured party has the right to pursue them jointly or severally at his election, and recover separate judgments; but, the injury being single, he may recover but one compensation." *Verhoeks v Gillivan,* 244 Mich 367, 371; 221 NW 287 (1928), quoting from 58 LRA 410.
>
> "[W]here injury results from the concurrent negligence of two or more, each proximately contributing to the result, recovery may be had against one or more, although but one satisfaction may be had." [*Barkman v Montague,* 297 Mich 538, 542; 298 NW 273 (1941), quoting from *Banzhof v Roche,* 228 Mich 36, 41; 199 NW 607 (1924).]

The common-law prohibition against more than one satisfaction is codified in MCL 600.2925c(5); MSA 27A.2925(3)(5), which provides in pertinent part:

> The recovery of a judgment for an injury or wrongful death against 1 tort-feasor does not of itself discharge the other tort-feasors from liability for the injury or wrongful death *unless the judgment is satisfied.* [Emphasis added.]

Assuming, arguendo, we granted plaintiffs a new

trial against Holy Cross, on remand Hold Cross could successfully move for summary disposition on the basis of satisfaction of judgment. Plaintiffs correctly point out that the allegedly negligent acts of Holy Cross were entirely distinct from the alleged negligent acts advanced against Newton. Plaintiffs incorrectly assert the materiality of this distinction to the issue of whether they are entitled to further recovery.

In *Belin v Jax Kar Wash No 5, Inc,* 95 Mich App 415; 291 NW2d 61 (1980), we considered the legal consequences of a verdict against one tortfeasor in a subsequent trial involving a joint and several tortfeasor. Plaintiff Belin, while a passenger in a van owned by Jax Kar Wash, was injured when the van was involved in an accident with vehicles owned or operated by defendants Dawson and Hoover. Belin sued Jax, Dawson, and Hoover. A directed verdict was entered in favor of Jax. Hoover was found not liable, and the jury returned a verdict against Dawson in the sum of $75,000. Appellate proceedings resulted in a retrial against Jax. In the second trial, the jury returned a verdict against Jax in the sum of $146,594. On appeal from the second trial, Jax argued that the trial court erred in allowing a verdict to stand which was in excess of a verdict assessed at an earlier trial. This Court disagreed, stating:

> The correct rule as to persons jointly and severally liable is found in the American Law Institute's Restatement of Judgments, § 94, p 467:
> "Except as stated in §§ 96-99, the rendition of a judgment in an action against one of two or more persons liable for a tort, breach of contract, or other breach of duty, does not affect the claim against the other."
> "Sections 97-99 of the Restatement contain no exception which would apply in the present case.

The comments to § 94 of the Restatement state in part:

"b. *Merger, bar, collateral estoppel.* A judgment against one of several persons each of whom is liable for the entire cause of action does not discharge any of the others unless the liability is alternative (see § 100) or the claim is not severable (see § 101). Thus, a person is entitled to separate judgments for the full amount of his harm against any number of tortfeasors whose conduct contributes to the tort or who otherwise are responsible for it. . . .

"Further, subject to the limitations stated in §§ 96-99, the plaintiff can obtain judgments against the defendants for varying amounts. Thus, if he is awarded a small amount as damages in an action against one of a number of joint tortfeasors, he is not necessarily prevented from obtaining a judgment for a larger amount in a subsequent action against another of the tortfeasors. The matter of damages is not res judicata except under the circumstances stated in §§ 96-99.

"For the same reasons that a judgment against one of two persons liable for a single breach of duty does not merge the claim against the other, and with the same exceptions, a judgment for such person does not bar the claim against the other; nor do the rules of collateral estoppel make the determination of fact in one action decisive in a later action." [95 Mich App 420-421.]

This Court was further troubled by the fact that Jax's position throughout the second trial had been that it was *not* bound by the prior determination.

We agree with our decision in *Belin;* however, there is a significant distinction between *Belin* and the instant case. In *Belin,* the judgment entered in the first trial was not *satisfied* prior to or during the second trial or appeal therefrom. Where, as here, the first judgment *was* satisfied, different

legal consequences ensue. Restatement Judgments, 2d, § 50, p 40 (formerly Restatement Judgments, § 95, p 469), states:

> When a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based:
> (1) A satisfaction . . . does not discharge the liability of any of the other persons liable for the loss . . . .
>
> \*   \*   \*
>
> (2) Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss.

Comment d explains:

> *d. Amount of loss adjudicated.* The rule that payment of a loss, in whole or in part, by one of several obligors reduces the amount that may be obtained from other obligors also applies when the amount of the loss has been adjudicated. The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question. See § 29. Therefore, *when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforcible [sic] claim against any other obligor who is responsible for the same loss.* [Emphasis added.]

We emphasize that further recovery is barred only where the tortfeasors produced a single indi-

visible injury. Where injuries are apportionable, satisfaction of the damages assessed by a jury against one tortfeasor would not necessarily amount to full compensation for all injuries suffered by the plaintiff. Whether apportionment is appropriate involves a factual inquiry into whether the injuries suffered by a plaintiff are separable and can be allocated between the tortfeasors with reasonable certainty. *Rodgers v Canfield,* 272 Mich 562; 262 NW 409 (1935); *Sexton v American Aggregates,* 60 Mich App 524, 534; 231 NW2d 449 (1975). Allocation may be impossible even where the negligent acts were not strictly simultaneous. *Maddux v Donaldson,* 362 Mich 425, 433-434; 108 NW2d 33 (1961).

> [T]he plaintiff may suffer from a composite injury, the ingredients of which are impossible to identify in origin and impracticable to isolate in treatment.
>
> *       *       *
>
> [I]f . . . the jury is able to determine that one party has caused "one harm," and whether "another and distinct harm," each will respond for the harm determined by the jury to have been caused by him and that injury alone. The problem before us does not arise if we have "distinct" harms. It is only where the jury is unable to distinguish the harms that difficulty arises.
>
> *       *       *
>
> The fact that one wrong takes place . . . after the other is without legal significance. What is significant is that the injury is indivisible. [362 Mich 431-434.]

Here, while plaintiffs allege that distinct acts of the defendants contributed to plaintiff's injury, plaintiffs sought recovery for a single indivisible injury, the loss of plaintiff's foot. (All damages

requested by plaintiffs, e.g., wage loss and pain and suffering, flowed from the loss of the foot.) The trier of fact measured compensation for that loss to be $75,000 and $1,000, respectively. Since plaintiffs were fully compensated for the loss, plaintiffs are not entitled to additional recovery.

While plaintiffs moved for additur as to the verdict against Newton, the motion was denied and on appeal plaintiffs are not challenging that portion of the verdict. Thus, the amount of plaintiffs' loss has been fixed by the trier of fact. Satisfaction of the judgment based on actual litigation of the measure of plaintiffs' loss discharges any potential liability of Holy Cross to plaintiffs for that loss and thus renders plaintiffs' appeal moot. We do not, however, believe the appeal was vexatious under MCR 7.216(C)(1)(a) and, accordingly, deny the appellee's request for actual attorney fees.

The trial court's order denying plaintiffs' motion for new trial is affirmed.